# Lindsay v. Colbert County.

*Action against County by Attorney for Professional Services.*

1. *Attorney and client; construction of contract.*—Where an attorney is employed by the board of county commissioners under a resolution which provides that he shall be paid a stipulated amount in full for his legal services as attorney, "in all matters pertaining to the building and construction of turnpikes and macadamized roads," and in "all matters thereto relating," the defense of a suit in equity to enjoin the commissioners from issuing bonds for the purpose of constructing said turnpikes and roads, was a matter pertaining and relating to the construction of the same within the meaning of the contract; and he can not recover additional compensation for such services.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. HENRY C. SPEAKE.

This action was brought by the appellant, R. B. Lindsay, against Colbert county, to recover the sum of $1,000, which the plaintiff claimed for services as the attorney in a chancery suit for the defendant.

The defendant pleaded the general issue; and by special plea, that the plaintiff was employed as an attorney for the board of county commissioners of Colbert county, in all matters pertaining to the building and construction of turnpikes or macadamized roads in Colbert county, and in all matters that should come up before the court of county commissioners in relation thereto; and that the services for which the plaintiff seeks to recover in this suit were services coming within the provisions of said contract of employment.

Issue was joined on these pleas. The evidence showed that defendant in the year, 1893, was about to build turnpike or macadamized roads, under the act of the General Assembly of Alabama approved February 4, 1893, entitled "An act to authorize Colbert county to build macadamized or turnpike roads, and to issue bonds

of the county to aid in the construction thereof; and that on the——day of May, 1893, defendant, through its board of county commissioners, employed plaintiff as attorney, the said board adopting the following resolution: "It is ordered that R. B. Lindsay be paid three hundred dollars in full payment for his services as attorney for this board in all matters pertaining to the building and construction of turnpikes or macadamized roads, and in all matters that may come before this body in relation thereto; said sum of three hundred dollars to be paid quarterly; in all events said Lindsay is to serve this body as attorney during the pendency of the construction of said roads until the completion thereof, and all matters thereto relating are wound up."

Plaintiff acted as attorney for the court of county. commissioners of Colbert county, attending its meetings and doing all things required or necessary in relation to making contracts or the conduct of the business of building, or the proposed building, of the roads authorized under said act, and in advising and conferring with the court of county commissioners, and the respective members thereof, in reference to their powers and duties in relation thereto until the completion of the roads built under said act.

In the months of December, 1893, and January, 1894, the court of county commissioners sold the bonds authorized to be issued under said act; and on the —— day of January, 1894, a bill of complaint was filed in the chancery court of Colbert county, Alabama, by John Askew and others, against the court of county commissioners of Colbert county, Alabama, asking for a perpetual injunction against the sale of said bonds authorized under said act.

The plaintiff was in conference with the board of county commissioners in reference to said suit, prepared an answer to the complaint, and attended to the defense of it. As a result of this defense, on the hearing of the cause, the appeal was dismissed. The plaintiff presented to the court of county commissioners, within twelve months from the time of the rendition of said services, a sworn account, and the same was disallowed.

There was evidence introduced in behalf of the plaintiff that the amount sued for was a fair and reasonable

[Lindsay v. Colbert County.]

charge for the services rendered in defense of the suit referred to.   This was substantially all the evidence.

The defendant requested the court to give to the jury the following written charge : "If the jury believe the evidence, they will find for the defendant."    The court gave this charge and the plaintiff duly excepted.    The court refused to give the following written charge requested by plaintiff, to which refusal the plaintiff duly excepted :   "If the jury believe the evidence, they will find for the plaintiff in such amount as they believe from the evidence the services were worth, not exceeding one thousand dollars."

There were verdict and judgment for the defendant. Plaintiff appeals and assigns as error the refusal of the court to give the charge asked by him, and the giving of the general affirmative charge in favor of the defendant.

JOSEPH H. NATHAN, for appellant.—The general employment of the plaintiff, as evidenced by his contract, did not preclude him from making another contract in reference to the suit filed against the county.   In this State, as elsewhere, it has been held that an attorney may support his claim for compensation for services, by proving an express retainer, or contract of employment, or by showing the performance of services within the knowledge of the client, and the recognition of the relationship by the client while the cause was pending.— *Jackson v. Clopton*, 66 Ala. 34 ; *Turner v. Myers*, 23 Iowa, 391 ; *Hubbard v. Camperdown Mills*, 25 S. C. 496 ; *Ex parte Lynch*, 25 S. C. 193 ; *Safford v. Vt. &c. R. R. Co.*, 60 Vt. 185 ; 14 Am. & Eng. Encyc. of Law, p. 767 ; *Graves v. Lockwood*, 30 Conn. 276 ; *Hood v. Ware*, 34 Ga. 328 ; *Fore v. Chandler*, 24 Tex. 146 ; *Perry v. Lord*, 111 Mass. 504 ; *Academy v. Allen*, 14 Mass. 176 ; *Goodall v. Bedel*, 20 N. H. 205 ; Weeks on Attorneys, § 339 ; 1 Lawson, Rights, Rem. & Prac., §§ 202, p. 334.

A. H. CARMICHAEL, *contra*.

McCLELLAN, J.—The court is of opinion in this case, and so holds, that the contract of employment of R. B. Lindsay as attorney for Colbert county, or for the commissioners' court of that county, which is evidenced by the resolution of the commissioners set forth in the ab-

stract, covered and embraced the services rendered by him in defense of the county against the bill filed by Askew to enjoin the issuance of the bonds authorized by the act of the legislature for building public roads. The defense of that suit was a matter "pertaining to the building and construction of turnpikes or macadamized roads" and a "matter thereto relating," within the terms and meaning of said contract. Being so, the plaintiff's compensation for the services in question was fixed by that contract, and has been paid; and he was not entitled to recover in this suit.

Affirmed.